UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL PARKER,<br><br>  Plaintiff,<br><br>v.<br><br>DEPARTMENT OF THE NAVY; CAMP PENDLETON FIRE DEPARTMENT,<br><br>  Defendants. | Case No.: 3:16-cv-2242-CAB (DHB)<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>[Doc. No. 6] |

Defendants Department of the Navy and Camp Pendleton Fire Department (collectively "Defendants") have moved to dismiss Plaintiff Michael Parker's complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) or in the alternative transfer the action in its entirety to the Court of Federal Claims. [Doc. No. 6-1.] For the reasons set forth below, the motion is granted in part and denied in part.

**I.  Background**

Plaintiff has been a civilian federal employee for the Camp Pendleton Fire Department since 2007. [Doc. No. 1 at ¶ 8.] According to the complaint, Plaintiff works 72 hours per week, but is paid for only 12 hours of overtime. [*Id.* at ¶¶ 9-10.] This unpaid overtime allegedly totals $419,234.00. [*Id.* at ¶ 14.] After Plaintiff asked the Fire Department for an explanation why he was not paid overtime, he was told that his hours would be cut to 40 hours per week with no possibility of overtime. [*Id.* at ¶ 28.] Based on these allegations, Plaintiff filed this lawsuit asserting three claims under the Fair Labor

Standards Act ("FLSA"): (1) failure to pay overtime (29 U.S.C. § 207(a)(1)); (2) failure to keep accurate records of Plaintiff's wages and hours (29 U.S.C. § 211(c)) and failure to display FLSA required notices of employee rights; and (3) retaliation (29 U.S.C. § 215(a)(3)). [*Id.* at ¶¶ 21, 24, 26-29.]

The Government filed the instant motion to dismiss alleging this Court lacks subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). The motion has been fully briefed, and the Court deems it suitable for submission without oral argument.

**II.    Discussion**

There is no dispute that the Department of the Navy and the Camp Pendleton Fire Department are federal agencies with sovereign immunity from suit. *See generally Munoz v. Mabus*, 630 F.3d 856, 861 (9th Cir. 2010) ("The Navy cannot be sued absent an express Congressional waiver of sovereign immunity."). Waiver of that sovereign immunity "cannot be implied but must be unequivocally expressed." *United States v. King*, 395 U.S. 1, 3-4 (1969). The parties also do not dispute that the government expressly waived sovereign immunity with regard to the overtime claim and the retaliation claim under sections 207 and 215(a)(3) of the FLSA, respectively. *See* 29 U.S.C. § 216(b) ("An action to recover the liability prescribed in [sections 206, 207, and 215(a)(3)] may be maintained against any employer (including a public agency[1]) in any Federal or State court of competent jurisdiction. . . ."); *Abbey v. United States*, 745 F.3d 1363, 1370 (Fed Cir. 2014) ("In 1974, Congress unmistakably provided for judicial imposition of monetary liability on the United States for FLSA violations."); *Tallacus v. United States*, 113 Fed. Cl. 149, 154 (2013) ("The United States Court of Appeals for the Federal Circuit has held that the FLSA contains an express waiver of sovereign immunity.") (citing *El–Sheikh v. United States*, 177 F.3d 1321, 1324 (Fed. Cir. 1999)).

---

[1] "'Public agency' means the Government of the United States; the government of a State or political subdivision thereof; any agency of the United States (including the United States Postal Service and Postal Regulatory Commission), a State, or a political subdivision of a State; or any interstate governmental agency." 29 U.S.C. § 203(x).

The dispute here concerns which of Plaintiff's claims are properly before this Court or which must be heard by the Court of Federal Claims ("CFC"). The Tucker Act, 28 U.S.C. § 1491, grants the CFC jurisdiction over claims "against the United States founded either upon the Constitution, or any Act of Congress . . . for liquidated or unliquidated damages in cases *not sounding in tort*." 28 U.S.C. § 1491(a)(1) (*emphasis* added). "Courts have long held, 'since soon after the FLSA was extended to the federal government by the Fair Labor Standards Amendments Act of 1974, . . . [that] the Tucker Act applies to a claim against the government under the monetary-damages provision of the FLSA, 29 U.S.C. § 216(b)." *Adair v. Bureau of Customs & Border Prot.*, 191 F.Supp. 3d 129, 131 (D.C.Cir. 2016) (quoting *Abbey*, 745 F.3d at 1369). Moreover, claims exceeding $10,000 "are within the *exclusive* jurisdiction of the Court of Claims." *Id.* at 132 (quotation marks and citation omitted) (*emphasis* added); *see also United States v. Tohono O'Odham Nation*, 563 U.S. 307, 313 (2011) ("The CFC is the *only* judicial forum for most non-tort requests for significant monetary relief against the United States.") (*emphasis* added); *Schulthess v. United States*, 694 F.2d 175, 178 (9th Cir. 1982) ("In general, except for claims sounding in tort, the United States Claims Court has exclusive jurisdiction over actions against the United States in excess of $10,000.").

The parties agree that the first claim for unpaid overtime compensation in violation of 29 U.S.C. § 207(a)(1) meets the requirements of the Tucker Act. Likewise, there appears to be little disagreement that the third claim for retaliation does not meet the requirements of the Tucker Act because it sounds in tort. *See Jentoft v. United States*, 450 F.3d 1342, 1349 (Fed. Cir. 2006) (affirming the CFC's dismissal of FLSA retaliation claim for lack of jurisdiction); *Henrichs v. United States*, 27 Fed. Cl. 669, 671 (1993) ("As plaintiff's charge that he was illegally fired in retaliation for his complaint to Congress is one 'sounding in tort,' this court lacks subject matter jurisdiction over this claim."). Where the dispute lies is in whether another basis exists for this Court to exercise jurisdiction over the overtime compensation claim (and, although the government largely ignores it, the notice and record-keeping claim as well) notwithstanding the Tucker Act.

Plaintiff argues that if the Court were to dismiss the overtime compensation claim while retaining jurisdiction over the remaining two claims, the CFC would lack jurisdiction over the overtime claim until Plaintiff's case here was closed. For this premise, Plaintiff relies on 28 U.S.C. § 1500, which states: "The United States Court of Federal Claims shall not have jurisdiction of any claim for or in respect to which the plaintiff or his assignee has pending in any other court any suit or process against the United States. . . ." 28 U.S.C. § 1500. Therefore, Plaintiff argues, this Court should exercise ancillary jurisdiction over Plaintiff's overtime claim. The Court is not persuaded.

First, the CFC is unlikely to find that Plaintiff's overtime compensation claim implicates § 1500 because the overtime compensation claim is not "for or in respect to" his retaliation claim. "Two suits are for or in respect to the same claim, precluding jurisdiction in the CFC, if they are based on substantially the same operative facts, regardless of the relief sought in each suit." *Tohono O'Odham Nation*, 563 U.S. at 318. Here, while the ultimate decision will rest with the CFC if Plaintiff re-files his overtime compensation claim there, this Court is not convinced that Plaintiff's notice and record-keeping claim and his retaliation claim are based on substantially the same operative facts as the overtime compensation claim. The primary facts relevant to the overtime compensation claim are how many hours Plaintiff worked and how he was paid. The primary facts relevant to the notice and recordkeeping claim presumably concern whether Defendants kept accurate records and displayed proper notices. The primary facts relevant to the retaliation claim, meanwhile, concern whether Plaintiff engaged in protected conduct that substantially motivated Defendants to take an adverse employment action against him. *See Lambert v. Ackerley*, 180 F.3d 997, 1005 (9th Cir.1999) (en banc) (listing elements of an FLSA retaliation claim). None (or virtually none) of the operative facts needed to establish these three claims overlap. Accordingly, it is unlikely that § 1500 would divest the CFC of jurisdiction over the overtime compensation claim while a lawsuit here for the notice and recordkeeping claim and the retaliation claim was pending. *Cf. Tallacus*, 113 Fed. Cl. at 152 n.4 (noting that § 1500 did not divest the CFC of jurisdiction in part because "the facts

that give rise to [the] District Court lawsuit are not legally operative for establishing" the FLSA claim before the CFC because the FLSA claim involved events that postdated the district court lawsuit) (quotation marks, ellipses and brackets omitted).

Second, even if § 1500 does in fact divest the CFC of jurisdiction of the overtime compensation while this lawsuit remains pending, that circumstance does not permit the Court to adjudicate the overtime compensation claim based on ancillary jurisdiction. "Federal courts have consistently held that the Court of Federal Claims' exclusive jurisdiction over Tucker Act claims is not overridden by supplemental jurisdiction." *Tucson Airport Auth. v. General Dynamics Corp.*, 922 F. Supp. 273, 286 (D. Ariz. 1996). A district court retaining a claim that satisfies the Tucker Act requirements based on ancillary jurisdiction would be contrary to the Supreme Court's statement that "[t]he CFC is the *only* judicial forum for most non-tort requests for significant monetary relief against the United States." *Tohono O'Odham Nation*, 563 U.S. at 313. Moreover, Plaintiff's reliance on ancillary jurisdiction is misplaced because his overtime compensation claim is not incidental to the retaliation claim; it has entirely different elements and is based on different operative facts. *See generally Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 378 (1994) (noting that federal courts can exercise ancillary jurisdiction "over some matters (otherwise beyond their competence) that are incidental to other matters properly before them."). Accordingly, the Court may not exercise ancillary jurisdiction over the overtime compensation claim. *Cf. Dia Navigation Co., Ltd. v. Pomeroy*, 34 F.3d 1255, 1267 (3d Cir. 1994) (rejecting argument that CFC's exclusive Tucker Act jurisdiction can be overridden by supplemental jurisdiction).

**III.   Order to Show Cause Re Claim Two**

In claim two of the complaint, Plaintiff alleges that Defendants violated FLSA recordkeeping requirements. 29 U.S.C. § 211(c). It is not clear, however, that the FLSA allows for a private right of action against any employer for violation of the FLSA's recordkeeping requirements, let alone whether the United States has waived sovereign immunity to such claims. *See Elwell v. Univ. Hosp. Home Care Servs.*, 276 F.3d 832, 843

(6th Cir. 2002) ("Authority to enforce the Act's recordkeeping provisions is vested exclusively in the Secretary of Labor"); *Valladares v. Insomniac, Inc.*, No. EDCV1400706VAPDTBX, 2015 WL 12656267, at *10 (C.D. Cal. Jan. 29, 2015) ("[T]he general consensus is that the FLSA provides no private right of action for recordkeeping violations.") (quoting *Chen v. Major League Baseball*, 6 F.Supp. 3d 449, 460 n.11 (S.D.N.Y. 2014)).  Further, the complaint does not specify which sections of the FLSA underlie the allegation that Defendants failed to display notices of employee rights, so it is not clear whether there is a private right of action for such a claim either.  Accordingly, Plaintiff is **ORDERED TO SHOW CAUSE**, in writing not to exceed ten pages, by **March 3, 2017**, why the Court should not dismiss claim two.  Defendants are permitted, but not required, to file their own response also by March 3, 2017, addressing whether a private right of action exists for the allegations in claim two, and whether the United States has waived sovereign immunity to such claims.

### IV. Conclusion

For the foregoing reasons, it is hereby **ORDERED** that the motion to dismiss is **GRANTED IN PART** and **DENIED IN PART**.  Claim one for unpaid overtime compensation is **DISMISSED** without prejudice to re-filing in the Court of Federal Claims.  The motion is denied with respect to claims two and three.

It is **SO ORDERED**.

Dated:  February 24, 2017

_____
Hon. Cathy Ann Bencivengo
United States District Judge